IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
June 21, 2016 Session

**STATE OF TENNESSEE v. CHARLES R. PRESLEY**

**Direct Appeal from the Circuit Court for Williamson County**
**No. I-CR-114528     James G. Martin, III, Judge**

———————————

**No. M2015-01600-CCA-R3-CD – Filed February 24, 2017**

———————————

The Appellant, Charles R. Presley, appeals the trial court's revocation of his probation and its order that he serve his eight-year sentence for identity theft in confinement. The Appellant contends that the evidence was not sufficient to show that he "was actually on probation, what the probation conditions were, or whether he was advised of his probation conditions." Upon review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and TIMOTHY L. EASTER, JJ., joined.

Jonathan W. Turner, Franklin, Tennessee, for the Appellant, Charles R. Presley.

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Senior Counsel; Kim R. Helper, District Attorney General; and Terry Wood, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**I. Factual Background**

The record before us reveals a lengthy procedural history. On November 9, 2009, the Williamson County Grand Jury returned a multi-count indictment against the Appellant, charging him with identity theft, three counts of theft under $500, and three counts of forgery. On January 20, 2010, the Appellant pled guilty to identity theft, a Class D felony, and three counts of theft under $500, Class A misdemeanors. Pursuant to the plea agreement, the Appellant, a Range II, multiple offender, received concurrent

sentences of eight years and eleven months and twenty-nine days, respectively. The sentences were suspended. The forgery counts were dismissed.

On May 12, 2010, a probation order listing the conditions of probation was signed by the trial court and the Appellant and filed in the trial court. On August 30, 2010, a warrant was issued, alleging that the Appellant had violated the conditions of probation by being arrested for promoting prostitution and failing to report the arrest to his probation officer. On March 1, 2011, an amended warrant was filed, alleging that the Appellant had been charged with assault. On April 25, 2011, the Appellant admitted that he had violated his probation, and by agreement with the State, his probation was revoked and reinstated. On May 18, 2011, a probation order was filed in the trial court; the order listed the conditions of probation and was signed by the trial court and the Appellant.

On January 7, 2012, a warrant was issued, alleging that the Appellant violated the conditions of probation by using crack cocaine; failing to pay fees, court costs, and restitution; and failing to complete a drug recovery program. On May 8, 2012, the Appellant admitted his violations, and, by agreement with the State, his probation was revoked and reinstated.

On August 13, 2012, a warrant was issued, alleging that the Appellant had violated the terms of his probation by changing his address without telling his probation officer, failing to report, and failing to complete a rehabilitation program. On January 2, 2013, the Appellant pled not guilty to the violations, the warrant was dismissed by the trial court, and the Appellant's probation was reinstated. A probation order signed by the Appellant, which was filed on January 10, 2013, stated that the Appellant's probationary sentence would expire on January 20, 2018. The order also listed the conditions of probation.

On March 5, 2013, a warrant was issued, alleging that the Appellant had violated the terms of his probation by failing to complete an alcohol and drug program because he "was terminated from that program . . . for non-compliance." On April 8, 2013, an order was filed, stating that the Appellant's probation was revoked and ordering him to serve his sentence in confinement.

On February 20, 2015, a warrant was issued alleging that the Appellant had violated the terms of his probation. The affidavit attached to the warrant stated that the Appellant had been "granted Probation through the PTV program on 10-21-14."[1] The

---

[1] Tennessee Code Annotated section 40-20-301 provides:

> Notwithstanding any other provision of law to the contrary, in the event that an offender receives a suspension of sentence, has that suspension of sentence revoked for reasons other than the commission of

affidavit alleged in part that the Appellant failed to report to his probation officer on January 27, 2015.[2]

On August 13, 2015, the trial court held a probation revocation hearing.[3]  The trial court reviewed the history of the case and questioned why the Appellant was on probation when the last order in the record, which was filed on April 8, 2013, provided that the Appellant had to serve his sentence in confinement.  The State responded:

> TDOC started a new program recently which allows what they call technical violators a chance to be back on probation even after they had started serving their TDOC sentence.  And that's what happened with [the Appellant].  He was released by TDOC as part of this new program and allowed back on probation.

The trial court said, "All right, I just didn't understand.  Thank you."  The State replied, "I had never heard of the program before this case either."

Corwin McCarthy testified that he was assigned as the Appellant's probation officer in early October 2014.  McCarthy said that because of the Appellant's prostitution conviction, he was required to register as a sex offender.  The Appellant reported for the first time on October 23 and met with John Grissom, another probation officer, who told the Appellant the rules of the sex offender registry.  Thereafter, the Appellant met with McCarthy several times.

McCarthy said that when the Appellant reported on January 22, 2015, he told the Appellant to report at 2:30 p.m. on January 27, 2015.  However, the Appellant did not report until February 19, 2015.

---

> a new felony offense, and is committed to the department of correction, the department shall have the authority to place the offender in a special technical violator unit in lieu of confinement in a regular state penal facility unless the court specifies otherwise in the order of revocation. . . . In such unit the offender shall, at a minimum, be required to participate for a period of one hundred twenty (120) days in an intensive regimen of work and available treatment programs in accordance with policies and procedures established by the department.

[2] On June 12, 2015, an amended probation violation warrant was filed, alleging that the Appellant had "two outstanding warrants for Sex Offender Registry Violation in Davidson County[.]"  Because the Davidson County proceedings were not concluded at the time of the revocation hearing, the trial court decided to proceed on the original probation violation warrant and to dismiss the amended violation warrant without prejudice.

[3]  A post-conviction hearing was held the same day, and the post-conviction petition was dismissed.

On cross-examination, McCarthy said that on December 9, 2014, the Appellant applied to transfer his probation to McMinnville because of a job opportunity. On December 18, the transfer was approved. McCarthy said that "later in December," the Appellant requested to transfer back to Nashville because he did not like the new job or the living conditions. McCarthy approved the transfer, and the Appellant reported to him on January 14, 2015. The Appellant next reported on January 22. At that time, McCarthy told the Appellant to report on January 27 at 2:30 p.m. and gave him a business card with the appointment details written on it. McCarthy said that scheduling another appointment so soon was not normal procedure, but he may have needed information from the Appellant. The Appellant failed to report on January 27. He next reported on February 19 and was seen by Sherry Hughey, not McCarthy. The Appellant reported to McCarthy on February 26 and was taken into custody. McCarthy acknowledged that January 27 was the only reporting date the Appellant missed.

The trial court found:

> The evidence is unrebutted that [the Appellant] was advised to report on January 27th, 2015 at 2:30, he was given a card with the date and time to report. He failed to report that is clearly a violation and it is clearly alleged to be a violation. So, that has clearly been established by . . . the evidence and the State has met its burden. So, I do find that there has been a violation of probation based upon violation of Rule 7 as alleged.

> The history in this case as the State has pointed out and as the record reflects concerning the supervision of [the Appellant] is very poor. The prospects for his successful compliance with the requirements of probation are very poor. We have one violation after another until the Court finally gave up on [the Appellant] in April and required him to serve his sentence. And that he was sent to TDOC and they released him under whatever program they got. But we know that on October 23, 2014, he then reported to Mr. McCarthy. And thereafter he violated by not reporting as he was instructed to do on January 27th, 2015. So, based upon the history that we have and the facts before the Court, the Court finds that [the Appellant] should serve the balance of his sentence, with appropriate jail credits.

On appeal, the Appellant challenges the trial court's ruling.

- 4 -

## II. Analysis

Upon finding by a preponderance of the evidence that the appellant has violated the terms of his probation, a trial court is authorized to order an appellant to serve the balance of his original sentence in confinement. See Tenn. Code Ann. §§ 40-35-310 and -311(e); State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). Furthermore, probation revocation rests in the sound discretion of the trial court and will not be overturned by this court absent an abuse of that discretion. State v. Leach, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995). "A trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." State v. Phelps, 329 S.W.3d 436, 443 (Tenn. 2010).

On appeal, the Appellant contends that "the only evidence that the trial court heard regarding [the Appellant's] legal obligation to report" was for the sexual offender registry. Nevertheless, the trial court revoked the Appellant's probation for identity theft, even though "the State never offered any testimony regarding the Appellant being on probation for identity theft." The Appellant further contends that the State failed to adduce any proof regarding the conditions of the Appellant's probation.

The record before us reveals that the Appellant was convicted of identity theft on January 20, 2010, and that he was sentenced to eight years of probation. On April 8, 2013, after multiple probation revocations, the trial court ordered the Appellant to serve his sentence in confinement. On October 21, 2014, the Tennessee Department of Correction granted the Appellant probation through a technical violator program. See Tenn. Code Ann. § 40-20-301. An offender released from the Tennessee Department of Correction through the technical violator program is subject to "the terms and conditions [for release] imposed by the trial court." Tenn. Code Ann. § 40-20-303. According to the statute, "[s]hould an offender fail to comply with the terms and conditions of supervision imposed by the department after successful completion of the program, the release on supervision may be revoked by the trial judge pursuant to § 40-35-311." Id. The record also reveals that the Appellant signed multiple probation orders that outlined the conditions of his release, including the requirement that he was to "report to [his] Probation Officer as instructed." The undisputed proof at trial was that McCarthy, the Appellant's probation officer, ordered the Appellant to report on the afternoon of January 27, 2015. The Appellant did not report on that day. The trial court found that the Appellant violated the terms of his probation by failing to report as ordered by his probation officer and that he should serve his sentence in confinement.

It was within the trial court's authority to order the Appellant to serve his original sentence upon revoking the Appellant's probation. See Tenn. Code Ann. §§ 40-35-310

and -311(e); <u>State v. Mitchell</u>, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991).  Moreover, "an accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing."  <u>State v. Jeffrey A. Warfield</u>, No. 01C01-9711-CC-00504, 1999 WL 61065, at *2 (Tenn. Crim. App. at Nashville, Feb. 10, 1999); <u>see also</u> <u>State v. Timothy A. Johnson</u>, No. M2001-01362-CCA-R3-CD, 2002 WL 242351, at *2 (Tenn. Crim. App. at Nashville, Feb. 11, 2002).

### III.  Conclusion

Based upon the record and the parties' briefs, we affirm the judgment of the trial court.

_____
NORMA MCGEE OGLE, JUDGE